IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CARLOS A. JIMENEZ,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT BRUMMER, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING CASE<br><br><br><br>Case No. 2:00-CV-954 TS |

This matter is before the court for consideration of the court's June 21, 2005 Order to Show Cause. The court ordered as follows:

> [B]y July 5, 2005, Plaintiff shall file a Response showing cause why this case should not be dismissed for the violation of this court's April 29, 2005 Order, or in the alternative, for the failure to prosecute. If Plaintiff fails to file a Response or fails to comply with the Court's April 29, 2005 Order, by July 5, 2005, this case shall be dismissed without further hearing.

Plaintiff failed to file a Response to the Order to Show Cause by July 5, 2005. The court finds that Plaintiff has violated this court's April 29, 2005 Order that he comply with DUCivP 83-1.4, by either having a new attorney file a notice of appearance or filing a notice of appearance *pro se*. The court finds that the failure to comply with the April 29, 2005 Order is sufficient grounds for the dismissal of this case. In addition, the court finds that Plaintiff has failed to comply with DUCivP 83-1.4 and to otherwise prosecute this case.

1

In determining whether to dismiss a case for the failure to prosecute or defend a case, or for failure to comply with local procedural rules, the court must consider the following factors:

> Dismissal is a severe sanction; therefore, it should be imposed only if a "lesser sanction would not serve the ends of justice." [*Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002)]. The district court should consider the following factors when considering whether dismissal is an appropriate sanction: (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective. *Gripe v. City of Enid,* 312 F.3d 1184, 1188 (10th Cir. 2002) (citing *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992)).

*LaFleur v. Teen Help,* 342 F.3d 1145, 1151 (10th Cir. 2003).

The court finds that Plaintiff's violation of the court's Order and refusal to proceed with the prosecution of his case has prejudiced Defendants because their pending motion to compel cannot be resolved unless and until Plaintiff obtains new counsel or makes his appearance *pro se*. When Plaintiff's counsel withdrew, there was a pending Motion to Compel filed by Defendants. In its April 29, 2005 Order, the court granted Plaintiff an extension of time to respond to the motion. The extended time to respond is calculated by reference to the date of Plaintiff's compliance with the local rule. Because he has refused to comply, the motion remains unresolved. The court finds that it is necessary for the motion to be resolved in order for the parties to proceed with effective trial preparation.

The delay caused by Plaintiff's refusal to prosecute this case has actually prejudiced Defendants in terms of delay and expense. The previous trial setting scheduled for May 25, 2005, was vacated due to withdrawal of Plaintiff's counsel and trial was rescheduled

for August 29, 2005, to afford Plaintiff sufficient time to obtain new counsel and prepare for trial. In the meantime, Defendants' motion to compel is unresolved, rendering it difficult to prepare efficiently for the fast-approaching new trial date. In addition, the individual Defendants have suffered prejudice resulting from the continued uncertainty and delay in the resolution of this four-year-old case.

The degree of interference with the judicial process is high because it is not possible for the judicial process to proceed where a party refuses to comply with the local rules of procedure or an order of the court. The court finds the litigant's culpability is high because he has failed to come forward with any explanation for his failure to comply. The Order to Show Cause clearly informed Plaintiff in advance that if he did not comply, the case would be dismissed without further hearing. Finally, the court finds that a lesser sanction would not be effective because Plaintiff has demonstrated that he will not comply with the local rules of procedure or the order of this court. It is therefore

ORDERED that this case is DISMISSED with prejudice for the violation of this court's April 29, 2005 Order and the failure to prosecute this case.

DATED July 7, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge